James J. Davis, Jr.
Goriune Dudukgian
**Northern Justice Project, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
Tel: (907) 264-6634
Fax: (866) 813-8645
Email: gdudukgian@njp-law.com
Email: jdavis@njp-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REBECCA GAGNON,<br><br>Plaintiff,<br><br>vs.<br><br>HAL P. GAZAWAY AND ASSOCIATES, LLC,<br><br>Defendant. | Case No.: 3:19-cv-00178-JWS<br><br>**COMPLAINT FOR DAMAGES** |

**PRELIMINARY STATEMENT**

1. Plaintiff Rebecca Gagnon brings this complaint against defendant Hal P. Gazaway and Associates, LLC under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Ms. Gagnon alleges the defendant sent her a notice that violated various provision of the FDCPA, including the debt validation requirements in § 1692g and the prohibition against false or misleading representations in § 1692e.

COMPLAINT FOR DAMAGES - 1

# JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331 and under 15 U.S.C. § 1692k(d) of the FDCPA.

3. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to Ms. Gagnon's claims occurred within the District of Alaska, and because the defendant transacts in and is subject to personal jurisdiction in the District of Alaska.

# PARTIES

4. Plaintiff Rebecca Gagnon is a natural person who resides in Anchorage, Alaska, from whom the defendant attempted to collect a debt allegedly owed to her condominium association. Ms. Gagnon is a "consumer" as a defined by 15 U.S.C. § 1692a(3) of the FDCPA.

5. Defendant Hal P. Gazaway and Associates, LLC is an Anchorage law firm that acts as a "debt collector," as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

# FACTUAL ALLEGATIONS

6. Ms. Gagnon received a dunning letter from the defendant dated September 26, 2017, which is attached hereto as Exhibit 1.

7. The defendant's dunning letter acknowledged its "purpose" was to "collect a debt."

8. The defendant's dunning letter claimed that Ms. Gagnon owed money to the Alpine Village Condominium Association.

9. The defendant's dunning letter claimed that "[s]ince October 2013," Ms.

COMPLAINT FOR DAMAGES - 2

Gagnon had "failed to pay the $371.79 due on the first of each month" and that she was "in default."

10. The defendant's dunning letter did not provide Ms. Gagnon with an amount she allegedly owed as of the September 26, 2017 date of the letter.

11. Instead, the defendant's dunning letter seemingly estimated a future amount, claiming that "[a]s of October 1, 2017, to cure the default, you will need to pay $3,155.32."

12. The defendant's dunning letter did not explain whether its claim of a future October 1, 2017 debt included future association dues.

13. Nor did the defendant's dunning letter address the confusing details of how – if Ms. Gagnon had really not paid her association dues "[s]ince October 2013" – then the total amunt due in October 2017 would be $3,155.32 (instead of $18,217.71).

14. The defendant's dunning letter was also inconsistent about what the alleged balance of $3,155.32 even represented. For example, the body of the letter indicated that the amount was the total of dues, assessments, late charges, and attorney fees. However, a footnote of the letter referred to $3,155.32 as the "principal balance" and then subsequently indicated that other amounts would "need to be paid" such as "accrued interest, late charges incurred, attorney fees and costs as listed above."

15. The defendant's dunning letter went on to threaten Ms. Gagnon that "[i]f this total amount now due of $3,155.32 is not received within thirty days of this notice, a foreclosure proceeding will be started against your interest in Unit L-1."

16. The defendant's dunning letter also threatened that Ms. Gagnon would have

COMPLAINT FOR DAMAGES - 3

to pay thousands of dollars in additional expenses once a foreclosure started, including $2,500 in attorney fees.

17. In a footnote with a smaller font – below the threats of a costly and imminent foreclosure in 30 days from the notice – the defendant's letter advised Ms. Gagnon, among other things, that if she disputed the debt in writing within 30 days of receipt of the notice, the defendant would obtain verification and mail it to her.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692g

18. Ms. Gagnon repeats and incorporates by reference the allegations in each of the preceding paragraphs of this complaint.

19. Pursuant to 15 U.S.C. § 1692g(a), the defendant was required to provide Ms. Gagnon an effective debt validation notice in writing within five days of the defendant's first communication with her.

20. Pursuant to 15 U.S.C. § 1692g(a)(3), the defendant was required to inform Ms. Gagnon that she had thirty days from the *receipt* of the debt validation notice to request in writing that the defendant provide her proof of the validity of the alleged debt.

21. The defendant's letter to Ms. Gagnon did not comply with the above two requirements.

22. The defendant's letter to Ms. Gagnon overshadowed and contradicted her validation rights under the FDCPA by threatening: "[i]f this total amount now due of

COMPLAINT FOR DAMAGES - 4

$3,155.32 is not received within thirty days of this notice, a foreclosure proceeding will be started against your interest in Unit L-1."

23. Furthermore, the above quoted language overshadowed and contradicted Ms. Gagnon's validation rights under the FDCPA because it demanded she pay an alleged debt within 30 days *of the notice* – i.e. the date *on* the notice – when she was actually entitled to dispute the alleged debt within 30 days of her *receipt* of the notice.

24. As a result of defendant's violations of 15 U.S.C. § 1692g(a), it is liable under 15 U.S.C. § 1692k(a) for actual damages, statutory damages, costs, and attorney's fees.

## COUNT II

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692e

25. Ms. Gagnon repeats and incorporates by reference the allegations in each of the preceding paragraphs of this complaint.

26. Pursuant to the preamble of 15 U.S.C. § 1692e, the defendant – in acting as a debt collector – was prohibited from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. Pursuant to 15 U.S.C. § 1692e(2)(A), the defendant was specifically prohibited from making any "false representation" about "the character, amount, or legal status of any debt."

COMPLAINT FOR DAMAGES - 5

28. The defendant's dunning letter to Ms. Gagnon violated the above-mentioned requirements because it was false, misleading, and/or confusing as to the amount of the alleged debt.

29. As a result of defendant's violations of 15 U.S.C. § 1692e, it is liable under 15 U.S.C. § 1692k(a) for actual damages, statutory damages, costs, and attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff respectfully asks that this Court enter judgment in favor of the plaintiff as follows:

    A.    Assume jurisdiction over this matter;

    B.    Enter judgment in favor of the plaintiff.

    C.    Award the plaintiff damages pursuant to 15 U.S.C. § 1692k(a) or other applicable statutes;

    D.    Award the plaintiff litigation costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a) or other applicable statutes; and

    E.    Grant any such other, further, or different relief as the Court may deem just and proper.

DATED this 24th day of June, 2019 at Anchorage, Alaska.

NORTHERN JUSTICE PROJECT, LLC
Attorneys for Plaintiff

By: /s/ Goriune Dudukgian
    Goriune Dudukgian, ABA No. 0506051
    James J. Davis, Jr., ABA No. 9412140

COMPLAINT FOR DAMAGES - 6