# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| Rebecca Gagnon,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Hal P. Gazaway and Associates, LLC,  )<br>)<br>Defendant.  )<br>) | 3:19-cv-178 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motion at docket 9] |

## I. MOTION PRESENTED

At docket 9, defendant Hal P. Gazaway and Associates, LLC ("Defendant") moves to dismiss the complaint filed by plaintiff Rebecca Gagnon ("Plaintiff"). In the alternative, Defendant asks the court to stay this case pending resolution of a state court case which is set for trial on July 13, 2020. While Plaintiff does not mention it in his motion, the request to dismiss the complaint is clearly brought pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff responds at docket 10, and Defendant replies at docket 13. Oral argument has not been requested and would not assist the court.

## II. BACKGROUND

Defendant sent a letter dated September 26, 2017, to Plaintiff ("the Letter"). The Letter advised Plaintiff that she had failed to pay Defendant's client Alpine Village Condominium Association the sum of $371.99 due on the first of each month commencing on October 1, 2013. Prominently displayed in a box above the salutation, the Letter proclaimed, "The purpose of this letter is to collect a debt." The Letter went on to state that as of October 1, 2017, Plaintiff would need to pay $3,155.32, consisting of monthly dues and special assessments of $2,545.32 plus late charges of $360 and attorneys' fees of $250, to cure her default. The Letter further advised that if the payment were not made in 30 days, a foreclosure proceeding would be commenced and that once a foreclosure was commenced, the amount to be paid would increase to a higher amount as specified in the Letter.[1]

Plaintiff brings her complaint pursuant to the Fair Debt Collection Practices Act[2] ("FDCPA"). Her complaint sets forth two claims for relief. In Count 1 she alleges that Defendant violated 15 U.S.C. § 1692g(a), which would entitle Plaintiff to recover damages pursuant to 15 U.S.C. § 1692k(a).[3] Count II alleges Defendant violated 15 U.S.C. § 1692e, which would also entitle Plaintiff to recover damages pursuant to 15 U.S.C. § 1692k(a).

---

[1]Doc. 1-1.

[2]15 U.S.C. §§ 1692, *et seq*.

[3]Doc. 1 at pp. 4-5.

2

## III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[4] To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[5] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[6] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[7]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[10] "Where a complaint pleads facts that are 'merely consistent with' a

---

[4] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[5] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[6] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[7] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[9] *Id.*

[10] *Id.* (citing *Twombly*, 550 U.S. at 556).

3

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[12]

## **IV. DISCUSSION**

Plaintiff alleges that Defendant regularly engages in the collection of consumer debt.[13]  Under the Rule 12(b)(6) standard, the court must accept this allegation of material fact as true.  Plaintiff also alleges that the Letter's purpose is to collect a debt.  That material fact cannot be disputed, because the Letter specifically states that such is its purpose.

In Count I, Plaintiff contends 15 U.S.C. § 1692g(a) required Defendant to give her a debt validation notice within five days from the date of Defendant's first communication with her.  In Count I, Plaintiff also contends that 15 U.S.C. § 1692g(a)(3) required Defendant to inform her that she had thirty days from the receipt of the debt validation notice to request Defendant to provide her with proof of the debt's validity.  Plaintiff alleges that Defendant did not comply with either requirement.  In Count II, Plaintiff contends that Defendant violated 15 U.S.C. § 1692e, because the Letter made a false representation about the character, amount or legal status of the debt it sought to collect.

---

[11]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[12]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

[13]Doc. 1 at ¶ 5.

4

To support dismissal of Plaintiff's claims, Defendant relies on its interpretation of the recent Supreme Court decision in *Obduskey v. McCarthy & Holthus LLP.*[14] Defendant argues that because it was attempting to complete a non-judicial foreclosure, it is not a debt collector under *Obduskey* and so cannot violate the FDCPA. This argument does not withstand scrutiny.

In *Obduskey,* the Court considered an action brought against a law firm engaged to bring a non-judicial foreclosure on Obduskey's home in Colorado. Colorado, like Alaska, has statutes which authorize non-judicial foreclosures. Obduskey argued that the law firm was a debt collector within the meaning of the FDCPA and that the law firm had violated the statute. The Court examined the FDCPA in detail and concluded that the law firm was not a debt collector for purposes of the FDCPA except that the law firm was subject to § 1692f(6).

In *Obduskey*, the law firm sent a letter to the debtor prior to commencing the non-judicial foreclosure. The Court's analysis proceeded on the basis that the letter was required by Colorado statutes governing non-judicial foreclosures. Alaska's statutory scheme governing non-judicial foreclosures is different. It requires the entity seeking foreclosure to record a detailed notice in the appropriate recording district and then to mail a copy of the detailed notice to specified persons including the debtor.[15] There is nothing in the Alaska statutory scheme which mentions, much less requires, a letter to be sent to the debtor. The *Obduskey* opinion makes clear that the requirement of state law was

---

[14] 139 S.Ct. 1029 (2019).

[15] AS 34.20.070 (b), (c).

5

central to its holding that the letter at issue there did not subject the law firm to the full range of FDCPA. Justice Sotomayor's concurring opinion gives further emphasis to the significance of the fact that the letter was required by state law.[16]

Given the carefully cabined discussion in *Obduskey*, this court concludes that the Letter does not escape scrutiny under FDCPA. Defendant has not cited any post-*Obduskey* case which supports its position. However, other district court decisions made subsequent to *Obduskey* set out conclusions like the one this court has reached.[17]

Defendant's alternate request is to stay this action pending resolution of Alaska Superior Court case *Gagnon v. Hal P. Gazaway and Associates, LLC* ("State Case").[18] Defendant says the State Case involves the same parties and involves the same condominium which is the subject of the foreclosure. Plaintiff says the issues in the State Case "are whether Alaska state law allows for the non-judicial foreclosure of common expense liens, and whether a debt collector violates [state statutes] by falsely threatening 'the non-judicial foreclosure of a common expense lien . . . .'"[19] In its reply Defendant does not dispute Plaintiff's characterization of the issues, but contends that Plaintiff could have pled the claims before this court in the State Case, so she is forum shopping. The claims pled in this court are federal law claims. The claims pled in the State Case are state law

---

[16] 139 S.Ct. at 1040-41.

[17] *Cooke v. Carrington Mortg. Servs.,* No. TDC-18-0205, 2019 WL 3241128 (D. Md. July 18, 2019); *Sevela v. Kozeny & McCubbin, L.C.*, No. 8:18-cv-390, 2019 WL 2066924 (D. Neb. May 2, 2019).

[18] Case No. 3AN-18-07802 CI (Alaska Super. Ct. Mar. 20, 2019).

[19] Doc. 10 at pp. 6-7.

6

claims.  Plaintiff could have pled all her claims in state court, but that does not mean that she was required to do so.  Choosing to pursue federal law claims in federal court and separate state law claims in state court does not constitute forum shopping.

## V.  CONCLUSION

For the reasons set out above, the motion at docket 9 is DENIED.

DATED this 19th day of September 2019.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT